FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 MAR 15 P 2: 27
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-133 |
| | ) | |
| BRIAN OWENS, Commissioner, Georgia Department of Corrections, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, who was an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia at the time he commenced this action, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i) & (ii).

I.  **BACKGROUND**

*Liberally* construing Plaintiff's complaint, the Court finds that Plaintiff names the following Defendants: (1) Brian Owens, the Commissioner of the Georgia Department of Corrections ("GDOC"), and (2) Dennis Brown, the Warden at ASMP. (Doc. no. 1, pp. 1, 4.)

Plaintiff alleges while he was incarcerated at ASMP, he asked to be transferred to a "transitional center (work release)," but was refused. (Id. at 5.) Instead, Plaintiff alleges that he was moved to "a violent high security unit" on May 11, 2011, despite his assertion that he was a "min[imum] security non-violent" prisoner. (Id.) Plaintiff further alleges that within a week of being placed in the high security unit, he was assaulted by several inmates, one of whom stabbed him in the leg, "requiring staples." (Id.) Plaintiff asserts that officers at ASMP refused to let him out of the high security unit. (Id.) According to Plaintiff, when certain inmates – possibly the ones who assaulted him – told him he would be killed if he remained in the high security unit, he "forced [his] way out and sat in the hall." (Id.) Plaintiff alleges that an officer came to him, and he requested protective custody. (Id.) Plaintiff asserts that he was then taken to Medical to get staples for his injury, following which he was placed in the segregation unit. (Id.)

Plaintiff further alleges that although he explained what had happened, prison officials "refused to investigate." (Id.) Plaintiff also asserts that, as of the time he filed his complaint, he had been held in the segregation unit for three months and that prison officials would only let him return to the high security unit, rather than to the minimum security unit or on work release, as he desired. (Id.) Plaintiff asserts, without explanation, that his "safety is in danger." (Id.) Finally, Plaintiff asserts that he did not receive a segregation hearing every 30 days, instead receiving only one initial hearing. (Id.)

In his request for relief, Plaintiff asserts that his safety "is the Warden[']s responsibility, and ultimately the Commissioner[']s responsibility," and he asks that the GDOC be required to house minimum security, non-violent inmates such as himself apart from high security, violent inmates. (Id. at 6.) Plaintiff also seeks punitive damages, damages for his

pain and suffering, and compensatory damages for the income he could have earned on work release. (Id.)

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for relief against Defendants Owens or Brown.

First, Plaintiff does not mention Defendants Owens or Brown in his complaint aside from naming them in the caption and stating generally in his request for relief that "[his] safety is the Warden[']s responsibility, and ultimately the Commissioner[']s responsibility." (Doc. no. 1, pp. 1, 6.) However, "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Furthermore, the Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an alleged connection between Defendants' actions and an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants. Plaintiff's conclusory statement in his request for relief that Defendants are responsible for his safety does not alter this conclusion. On this basis, Defendants Owens and Brown should be dismissed.

Moreover, Plaintiff's claims against Defendants Owens and Brown are also inadequate to the extent that Plaintiff is attempting to assert a claim against them for the acts of subordinates – unspecified officers and prison officials at ASMP – against whom Plaintiff directs allegations of disregard for his safety and denial of his desired housing assignment. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, the only mention of Defendants Owens and Brown is in the caption of Plaintiff's complaint and in his request for relief. Although Plaintiff states generally that these Defendants are responsible for his safety, nowhere does Plaintiff mention that Defendants Owens or Brown actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between Defendants Owens and Brown and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[1] puts the responsible supervisor on notice of the need to correct the

---

[1] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must

4

alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff has offered no allegations suggesting that Defendants Owens or Brown knew about any widespread abuse, and while he asserts generally that his safety is the Defendants' responsibility, he has offered no allegations that Defendants Owens or Brown were responsible for any custom or policy that led to his alleged injuries. In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Owens and Brown.

## III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of March, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).